IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GBEKE MICHAEL AWALA, | No. C 10-0470 SBA (PR) |
| Petitioner, | **ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| U. S. ATTORNEY GENERAL, | |
| Respondent. | |
| _____/ | |

Petitioner Gbeke Michael Awala filed the instant pro se petition for a writ of habeas corpus. On March 25, 2010, the Court dismissed the petition based on Petitioner's failure to pay the filing fee or to submit a completed prisoner's in forma pauperis (IFP) application. Specifically, Petitioner was sent two notifications from the Clerk of the Court advising him that his failure to pay the filing fee or to file the requisite IFP application and supporting documentation within thirty days would result in dismissal of this action. The second notification was sent to Petitioner on February 18, 2010. After the thirty-day deadline had passed, Petitioner had filled out the IFP application form but he still had not submitted the proper documentation in support of his IFP application, including his certificate of funds and six month prisoner statement. Therefore, as mentioned above, this action was dismissed for IFP deficiency.

On April 12, 2010, Petitioner filed a notice of appeal. The Court construes Petitioner's notice of appeal as an application for a certificate of appealability (COA). See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(3).

In an Order dated June 28, 2010, the Ninth Circuit remanded the case to the district court "for the limited purpose of granting or denying a [COA] at the court's earliest convenience." (Ninth Circuit June 28, 2010 Order at 1.)

**DISCUSSION**

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P.

1  22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question
2  antecedent to the merits, as here. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

3      "Determining whether a COA should issue where the petition was dismissed on procedural
4  grounds has two components, one directed at the underlying constitutional claims and one directed
5  at the district court's procedural holding." Id. at 484-85. "When the district court denies a habeas
6  petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a
7  COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable
8  whether the petition states a valid claim of the denial of a constitutional right and that jurists of
9  reason would find it debatable whether the district court was correct in its procedural ruling." Id. at
10 484. As each of these components is a "threshold inquiry," the federal court "may find that it can
11 dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose
12 answer is more apparent from the record and arguments." Id. at 485. Supreme Court jurisprudence
13 "allows and encourages" federal courts to first resolve the procedural issue, as was done here. See
14 id.

15     The petition was dismissed because Petitioner had not paid the filing fee or provided the
16 proper documentation in support of his IFP application, even after being warned twice that dismissal
17 would result from his failure to do so. Because jurists of reason would not find the Court's
18 conclusion debatable or wrong, the motion for a COA is DENIED.

19     The Clerk shall process the notice of appeal.
20     IT IS SO ORDERED.
21 DATED: 10/21/10

                                          *Saundra B Armstrong*
22                                   SAUNDRA BROWN ARMSTRONG
                                  United States District Judge

**United States District Court**
**For the Northern District of California**

G:\PRO-SE\SBA\HC.10\Awala0470.denyCOA.wpd    2

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

6  GBEKE MICHAEL AWALA,                         Case Number: CV10-00470 SBA
7                 Plaintiff,                    **CERTIFICATE OF SERVICE**
8       v.
9  US ATTORNEY GENERAL et al,
10                Defendant.
                                              /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 21, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gbeke M. Awala 133892
York County Prison
3400 Concord Road
York, PA 17402

Dated: October 21, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.10\Awala0470.denyCOA.wpd